J-S33044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
  :
v.   :
  :
  :
  :
PATRICK THOMAS OTTO JR.,   :
  :
Appellant   :   No. 5 EDA 2018

Appeal from the Judgment of Sentence November 16, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006607-2017

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED JUNE 26, 2018**

Appellant, Patrick Thomas Otto, Jr., appeals from the judgment of
sentence entered in the Court of Common Pleas of Delaware County following
his negotiated guilty plea to the charge of retail theft, 18 Pa.C.S.A. §
3939(a)(1).   On appeal, he challenges the discretionary aspects of his
sentence.   Additionally, Appellant's counsel has filed a petition seeking to
withdraw his representation, as well as a brief pursuant to ***Anders v.
California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 602 Pa.
159, 978 A.2d 349 (2009) (hereinafter "***Anders*** brief").  After a careful review,
we grant counsel's petition to withdraw and affirm Appellant's judgment of
sentence.

The relevant facts and procedural history are as follows: Appellant was
arrested in connection with a retail theft at a Target store, and on November

_____

* Former Justice specially assigned to the Superior Court.

16, 2017, represented by counsel, he entered a negotiated guilty plea to one count of retail theft. Relevantly, the Commonwealth indicated the following with regard to the plea:

> Your Honor, this is going to be a negotiated guilty plea to Count 1, Retail Theft, a misdemeanor of the first degree. The recommended sentence is time served to 23 months. Time served is from 10/23/17 to 11/16/17. [Appellant] will complete 48 hours of community service. He'll undergo a drug and alcohol evaluation and comply with any and all recommendations, and that must be completed within ten days of his release from Delaware County Prison and he must stay away from the Target store located. . .in Springfield, PA[.]

N.T., 11/16/17, at 4-5.

Appellant confirmed that he accepted the agreement as set forth by the Commonwealth. *Id.* at 5. At the conclusion of the guilty plea hearing, the trial court indicated it accepted the parties' negotiated guilty plea, and it sentenced Appellant in accordance therewith. *Id.* at 7.

Thereafter, despite being provided with his post-sentence rights, Appellant filed no post-sentence motions. However, on December 13, 2017, Appellant filed a timely, counseled notice of appeal to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and in response, counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating his intent to file an *Anders* brief on appeal. The trial court filed a brief Pa.R.A.P. 1925(a) opinion explaining Appellant waived his right to withdraw his guilty plea or challenge the discretionary aspects of his sentence. On April 11, 2018, Appellant's counsel filed in this Court a petition to withdraw

- 2 -

his representation, as well as a brief pursuant to **Anders**. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). **See also Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted) (stating "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in **Santiago** stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed his petition to withdraw as counsel and *Anders* brief. In his petition, counsel states that after a thorough and conscientious examination of the record he has determined that an appeal herein is wholly frivolous. Additionally, in accordance with *Nischan*, counsel has mailed Appellant a copy of the *Anders* brief and a letter informing him that: (1) he has the right to retain new counsel; (2) he may proceed further with his case *pro se;* and (3) he may raise any points that he deems worthy of the this Court's attention. Counsel attached his conforming correspondence to his petition to withdraw. *See Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005).[1]

---

[1] Appellant's counsel advised this Court that he has two addresses listed in his file for Appellant: one in Drexel Hill, PA, and one in Philadelphia, PA. The Philadelphia, PA address is the address Appellant also provided to the trial

In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal challenging the discretionary aspects of the sentence, provides citations to relevant case law, and states his reasoning and conclusion that the appeal is wholly frivolous. Accordingly, counsel has substantially complied with all of the technical requirements of **Anders** and **Santiago**. Therefore, we first proceed to examine the issue counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly

---

court, and in fact, various documents filed in the trial court contain the Philadelphia, PA address and bear Appellant's signature. Out of an abundance of caution, Appellant's counsel mailed to both addresses a copy of his petition to withdraw, **Anders** brief, and letter advising Appellant of his rights pursuant to **Nischan**. However, with regard to both service attempts, the Post Office returned the documents to counsel. Specifically, with regard to the Drexel Hill, PA address, the Post Office returned the documents as undeliverable. With regard to the Philadelphia, PA address, the Post Office returned the documents as "Attempted-Not Known Unable to Forward."

Counsel has advised this Court that Appellant has not provided him with any other address, and consequently, he cannot be sure that Appellant has received notice of the **Anders** documents. Although the record reveals Appellant knew he had a direct appeal pending in the instant case, our review of the trial court's docket entries, as well as this Court's docket entries, reveals Appellant has neither contacted nor provided the courts with his new address. Consequently, given the circumstances of this case, we conclude counsel's efforts to serve Appellant with the appropriate documents constitutes substantial compliance with the **Anders** requirements. **See Commonwealth v. O'Malley**, 957 A.2d 1265 (Pa.Super. 2008) (indicating that substantial compliance with the requirements to withdraw may satisfy the **Anders** criteria).

frivolous." ***Commonwealth v. Yorgey***, 2018 WL 2346441, at \*4 (Pa.Super. filed 5/24/18) (*en banc*) (quotation omitted).[2]

In the ***Anders*** brief, Appellant's counsel raised a challenge to the discretionary aspects of Appellant's sentence. Specifically, he questioned whether "a maximum sentence of 23 months incarceration is harsh and excessive under the circumstances." Counsel's ***Anders*** brief at 4.

Initially, we consider whether Appellant has waived his challenge to the discretionary aspect of his sentence. In ***Commonwealth v. Lincoln***, 72 A.3d 606 (Pa.Super. 2013), this Court opined: "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." ***Id.*** at 609 (citation omitted). "Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." ***Commonwealth v. Reichle***, 589

---

[2] In ***Yorgey***, an *en banc* panel of this Court relevantly held:

> [W]e must give ***Anders*** a most generous reading and review 'the case' as presented in the entire record with consideration first of issues raised by counsel. . . .[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

***Yorgey***, 2018 WL 2346441, at \*4 (citation omitted).

A.2d 1140, 1141 (Pa.Super. 1991). *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa.Super. 2009) ("[W]here a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties. Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained.") (citations omitted)).

Here, the plea agreement entered into between Appellant and the Commonwealth specified the particulars of Appellant's sentence, including the maximum sentence of 23 months, which Appellant now challenges as being excessive. The trial court accepted the plea and Appellant received the negotiated sentence in its entirety. Therefore, Appellant has waived his discretionary aspects of sentencing claim.[3] *Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa.Super. 2017) ("[W]here a defendant enters into a negotiated plea agreement that includes the terms of the sentence, the defendant may not seek a discretionary appeal relating to those agreed-upon terms.") (citation omitted)).

---

[3] Further, we note that Appellant did not seek to withdraw his guilty plea or challenge the discretionary aspects of his sentence in the trial court. *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).

"Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 2018 WL 2346441, at *6. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to Withdraw granted. Judgment of Sentenced affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18